

**FILED**

MAY 2 - 2022
2:45 Pm.
LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

JORDAN FELLS

                                                                    PLAINTIFF

VS.                          47BCV-22- 109  (TA)

ATLAS TUBE (ARKANSAS), INC. and
ZEKELMAN INDUSTRIES, INC.                        DEFENDANTS

## COMPLAINT

COMES NOW Jordan Fells, by and through his attorney Jake Holmes, and pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.A. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), the Arkansas Civil Rights Act of 1993, codified at Ark. Code Ann. §§ 16-123-101, *et seq.*, and the Constitution of the State of Arkansas and Plaintiff now seeks damages in order to redress the injuries that the Plaintiff have suffered as a result of being subject to racially hostile work conditions, racial harassment and discrimination, workplace retaliation, and emotional and physical distress intentionally inflicted by Defendants Atlas Tube (Arkansas), Inc. and Zekelman Industries, Inc.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is proper under the Arkansas Rules of Civil Procedure and under the Constitution of Arkansas as all of the defendants have

1



EXHIBIT
A

maintained substantial contacts with this state during the course of the events representing this complaint.

2.      Venue lies proper in this court as all of the events constituting this matter occurred in Mississippi County, Arkansas within the Chickasawba District.

3.      Plaintiff Jordan Fells filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission (EEOC).

## PROCEDURAL PREREQUISITES

4.      Plaintiff Fells received a Notice of Right to Sue from the EEOC, dated April 18, 2022 with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as *Exhibit A*.

5.      This Action is being commenced within 90 days of receipt of said Right to Sue letter.

## PARTIES

6.      At all times relevant hereto, Plaintiff Fells was a resident of Mississippi County, Arkansas and was gainfully employed at Atlas Tube in Mississippi County, Arkansas.

7.      Defendant Atlas Tube (Arkansas) Inc. is a foreign for profit corporation organized under the laws of the state of Delaware. Their registered agent may be served at:

2

C.T. CORPORATION SYSTEM
124 WEST CAPITOL AVENUE, SUITE 1900
LITTLE ROCK, AR 72201

8.      Defendant Zekelman Industries, Inc. is a foreign corporation organized under the laws of the state of Delaware and is the parent corporation of Defendant Atlas Tube. Their registered agent may be served at:

CORPORATION TRUST CENTER
1209 ORANGE ST.
WILMINGTON, DE 19801

9.      At all times relevant to the events constituting this cause of action, the defendants employed Plaintiff within their corporate structure.

## MATERIAL FACTS

10.     Jordan Fells began working at Atlas Tube on or around October 29, 2018.

11.     In 2019, Fells bid on a night shift floater position in the "Big Mill." He was awarded the position but was tasked with training several employees so that Atlas may select one as his replacement. One of these employees was Jeff Wicker, a white male. Wicker was hired in the quality position, was quickly moved to the tooling set-up position, and eventually departed with Fells to be an additional floater in the "big mill." Wicker had not been in either of the positions for ninety days.

3

12.    In the aftermath of the murder of George Floyd on May 25, 2020, the United States underwent a summer of civil unrest and demonstration in the name of racial justice.

13.    In June of 2020, multiple nooses were hung in the courtyard of Atlas Tube in Blytheville, Arkansas and allegedly within some employees' lockers. Security footage should have identified the culprit of these incidents, however it does not seem that anyone was ever identified let alone punished for these acts.

14.    One of the employees rumored to have been responsible for this act was Will Wilson.

15.    In July 2020, Fells bid on a day shift floater position in the "small mill." Fells notes that the pay is the same for the floater positions in both the big and small mills but that the job description is vastly different.

16.    Fells was awarded this job, but was advised by production manager Joe Talley that he would not be placed in the new position until the "big mill" settled into their new four on-four off schedule.

17.    The company switched from a five to six day work week to a "four on - four off" employee schedule in September 2020. Fells remained in this same position until March 2021.

4

18.    At this time, Fells was also swapped from B Crew to A Crew. A Crew's floater position in the "big mill", a white male named Russ Moody, was given Fells' B Crew position.

19.    Fells inquired to his direct superiors - Joe Talley and Glen Burress- why this swap occurred. Fells was told that he was swapped so that Josh Roberts, a white male, could be trained as a bundler operator.

20.    Fells was then told that this swap would last six months and that his new supervisor would be the aforementioned Will Wilson.

21.    In February of 2021, Plaintiff Fells contacted Human Resources in order to report what he felt to be discrimination based upon his African-American ethnicity.

22.    After reporting this incident, Fells has suffered incessant retaliation.

23.    Fells was inexplicably denied bids for positions that he was not only qualified for, but for positions that he had previously held.

24.    Fells then suffered an injury to a finger on his left hand while on the job. The extent of this injury was of such a degree that the treating orthopedic specialist recommended surgery for Fells.

25.    After being scheduled for this surgery, Defendants unilaterally and inexplicably cancelled the procedure.

26.    This process of the surgery being scheduled by the treating healthcare professionals but then cancelled by Defendants without good cause repeated itself several times until November of 2021. The ultimate conclusion was that Fells was never treated for this injury and he was placed back onto full-duty. The injury persists to this day.

27.    Even while Fells was on "light-duty" with the physician's recommendation to not lift anything over ten pounds, defendants blatantly disregarded such orders and required Fells to do intensive manual labor.

28.    Plaintiff felt humiliated and intimidated by the illegal harassment of all named Defendants and is upset and humiliated by their blatantly unlawful and retaliatory actions.

29.    Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

30.    As a result of Defendants' actions, Plaintiff is extremely humiliated, victimized, embarrassed, and emotionally distressed.

31.    As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered severe emotional distress and physical ailments.

32.    As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future

pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

33.    Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, the Plaintiff demands Punitive Damages against all named Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII.**

34.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

35.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e *et seq.,* for relief based upon the unlawful employment practices of the above-named Defendant Atlas Tube, Inc. and Zekelman Industries, Inc. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

36.    Defendant Atlas Tube, under the corporate umbrella of Zekelman Industries, Inc., the maintained employment practices prohibited by 42 U.S.C.A. §§ 2000e *et seq*., by discriminating against Plaintiff because of his race.

7

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII

37.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1)    to ... discriminate against any of its employees ... because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

39.    Defendant Atlas Tube, under the corporate structure of Defendant Zekelman Industries, engaged in unlawful employment practices prohibited by 42 U.S.C.A. §§ 2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

40.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

41.    The Arkansas Civil Rights act provides:

8

"(a) The right of an otherwise qualified person to be free from discrimination because of race, religion, national origin, gender, or the presence of any sensory, mental, or physical disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:

(1) The right to obtain and hold employment without discrimination;"

Ark. Code Ann. § 16-123-107 (West)

42.    Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of their race.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

43.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44.    The Arkansas Civil Rights Act provides that:

"(a) RETALIATION. A person shall not discriminate against any individual because the individual in good faith has opposed any act or practice made unlawful by this subchapter or because the individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

(b)    INTERFERENCE,    COERCION,    OR INTIMIDATION. It is unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or

9

enjoyment of, any right granted or protected by this
subchapter."

Ark. Code Ann. § 16-123-108 (West).

45.    Defendants engaged in an unlawful discriminatory practice by
retaliating and otherwise discriminating against the Plaintiff because of Plaintiff
opposition to the unlawful employment practices of Plaintiff's employer.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE
LAW**

46.    Plaintiff repeats, reiterates, and realleges each and every allegation
made in the above paragraphs of this Complaint as if more fully set forth herein at
length.

47.    Each of the Defendants engaged in an unlawful discriminatory practice
in violation of the Arkansas Civil Rights Act of 1993  by aiding, abetting, inciting,
compelling, and coercing the discriminatory conduct.

**AS A SIXTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS**

48.    Plaintiff repeats, reiterates, and realleges each and every allegation
made in the above paragraphs of this Complaint as if more fully set forth herein at
length.

49.    Defendants engaged in extreme and outrageous conduct.

10

50.    Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiff.

51.    There exists a causal connection between the above conduct and said injuries.

52.    As a result of said conduct Plaintiff has suffered and presently suffers from severe emotional distress.

**INJURY AND DAMAGES**

53.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of increased salary, bonuses, benefits, and other compensation that would have came with the promotions he was denied on the basis of race; Plaintiff has suffered from and will continue to suffer from physical injuries which were caused by Defendants' negligently maintained work environments and will only exacerbate due to the Defendants denying the recommended medical treatment to remedy these physical ailments; and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to their reputation, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff has suffered loss of further experienced severe emotional and physical distress.

**JURY DEMAND**

54.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant–Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment based upon race and from any other employment practice which discriminates on the basis of race.

B. Order Defendant–Employer to institute and carry out policies, practices, and programs which effectively prohibit racial harassment in the work place and which provide equal employment opportunities for African-Americans and which eradicate the effects of its unlawful employment practices.

C. Order Defendant–Employer to make the Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant–Employer to make the Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses and any other out-of-pocket losses incurred, in amounts to be determined at trial.

E. Order Defendant–Employer to make the Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering,

12

depression, anxiety, loss of enjoyment of life, humiliation, and other psychological and physiological symptoms and conditions, in amounts to be determined at trial.

F. Order Defendant–Employer to pay the Plaintiff punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Plaintiff attorney's fees and the costs of this action.

WHEREFORE, Plaintiff respectfully request that this Court grant them all relief requested herein and for all other just and equitable relief.

Respectfully submitted,

Jordan Fells, Plaintiff

By: _____
Jake Holmes (AR2020183)
Attorney for Plaintiff
THOMPSON & HOLMES
319 N 2nd St
Blytheville, AR 72315
O:(870) 762-6900
F:(870) 762-2623
jake@thompsonholmes.com

13